(No. 705—Claimant awarded $2096.10.)

GREAT AMERICAN INSURANCE COMPANY, Claimant, *vs.* STATE OF
ILLINOIS, Respondent.

*Opinion filed January 28, 1925.*

INSURANCE TAX—*when award may be made for tax paid by mistake.*
Where claimant has paid to the State its privilege tax, and the amount of
tax to a municipal corporation for the benefit of its organized fire department
is not deducted through mistake or inadvertence claimant, is entitled to an
award for the amount of the tax paid to the municipal corporation.

BATES, HICKS & FOLONIE, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRIT-
TON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a suit brought by Great American Insurance Com-
pany, a corporation, of New York, to recover from the State
of Illinois the sum of $2,096.10, which it claims was by mistake
and inadvertence overpaid to the State for privilege of doing
an insurance business in the State of Illinois. The evidence is
stipulated in writing and is in substance as follows:

1. About September 29, 1919, the Director of Trade and Commerce of Illinois demanded of the claimant $9002.36 as a privilege tax for the year commencing July 1, 1919, and ending June 30, 1920, under provision of the act relating to taxation of foreign insurance companies.

2. The gross amount of premiums in this State during that year received by claimant was $891,204.15.

3. The 2% privilege tax on such gross amount of premiums was $17,824.08. The statute of Illinois directs that from the tax thus computed shall be deducted the amount paid by the corporation for benefit of organized fire departments.

4. The claimant submitted for the inspection of the Director of Trade and Commerce tax receipts paid that year for the benefit of organized fire departments in Illinois in the amount of $8821.72, and upon said director's demand, paid the State of Illinois the difference or balance of $9,002.36 as its said annual privilege tax.

5. The claimant, through agents Ingram and Lerch, paid the City of Chicago on premiums received on account of agents in outlying districts for the benefits of the organized fire department of Chicago $744.27, which payment was made about August 16, 1918, and by mistake and inadvertence *this* tax receipt was *not submitted* to the Director of Trade and Commerce and was not included in the deduction above mentioned.

6. About June, 1920 the Director of Trade and Commerce of Illinois demanded of claimant $10,343.36 as privilege tax for year commencing July 1, 1920, ending June 30, 1921, under the provisions of said law.

7. The gross amount of premiums in this State during that year received by claimant was $960,206.88.

8. The 2% privilege tax on such gross amounts of premiums was $19,204.14, and the amount to be used was the same as that collected in the year prior thereto.

9. The claimant submitted for the inspection of the Director of Trade and Commerce tax receipts paid that year for the benefit of organized fire departments in Illinois in the amount of $8860.78, and upon said director's demand paid the balance of the $10,343.30 as its annual privilege tax.

10. The claimant agents Ingram and Lerch paid the City of Chicago on premiums received on account of such agents in outlying districts for benefit of organized fire departments

of Chicago $673.54, which payment was made about August 22, 1919, and by mistake and inadvertence this tax receipt was not submitted to the director and was not included in the deduction mentioned.

11.  About June 25, 1921, there was likewise demanded $17,674.25 privilege tax for year ending June 30, 1922, under same law.

12.  The gross amount received that year was $1,489,577.54.

13.  The 2% on that amount was $29,791.55, to be deducted for purposes as aforesaid.

14.  Claimant submitted to the said director tax receipts of the amounts paid that year for benefit of organized fire departments in Illinois $12,117.30 and on demand paid the State the difference or balance of $17,874.25 as its privilege tax for said year.

15.  The claimant, through its said agents, paid the City of Chicago on premiums collected on account agents in outlying districts for benefit of organized fire departments in the city of Chicago $678.29, which payment was made about September 10, 1920, and by mistake and inadvertence this tax receipt was not submitted to the Director of Trade and Commerce and was not included in the deduction mentioned.

16.  The Attorney General and the Director of Trade and Commerce each acknowledge that they have inspected the receipts received by claimant from the cities and villages as fire department tax, and that same are genuine and for the three years mentioned and for the respective amounts named aforesaid. That they have examined the three receipts running to Ingram and Lerch as aforesaid from the City of Chicago, and none of them are included in said deductions.

Copies of all these receipts are filed herein. From the evidence so stipulated herein, and on the admissions of the Attorney General and the Director of Trade and Commerce in writing of the facts alleged by claimant, it is very evident that the claimant is entitled to a refund as follows:

| | |
|---|---|
| Year 1920 | $ 744.27 |
| Year 1921 | 673.54 |
| Year 1922 | 678.29 |
| Total | $2096.10 |

and the court so finds. An award for refund of taxes was made in a similar case cited by counsel for claimant—the

case of *American Eagle Fire Insurance Company* v. *State of Illinois,* No. 37 C. of C., Sept. Term, 1922, which is in point, and reported in Vol. 4, p. 231, C. of C.

We accordingly award the claimant the sum of $2,096.10.